**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-1031**

───────────────

S.T.; S.J.P.T.; I.T.,

            Plaintiffs – Appellants,

        v.

HOWARD COUNTY PUBLIC SCHOOL SYSTEM; RENEE A. FOOSE, officially,

            Defendants – Appellees.

───────────────────────────

COUNCIL OF PARENT ATTORNEYS AND ADVOCATES,

            Amicus Supporting Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:14-cv-00701-JFM; 1:15-cv-00100-JFM)

───────────────

Argued:  December 8, 2015              Decided:  January 5, 2016

───────────────

Before TRAXLER, Chief Judge, SHEDD, Circuit Judge, and Elizabeth
K. DILLON, United States District Judge for the Western District
of Virginia, sitting by designation.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ARGUED:** Wayne  D.  Steedman,  CALLEGARY  &  STEEDMAN,  P.A.,
Baltimore, Maryland, for Appellants.  Jeffrey A. Krew, JEFFREY
A. KREW, LLC, Ellicott City, Maryland, for Appellees.  **ON BRIEF:**
James   F.   Silver,   CALLEGARY   &   STEEDMAN,   P.A.,   Baltimore,

Maryland, for Appellants.  Caroline Heller, GREENBERG TRAURIG, LLP, New York, New York, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

S.T., through his parents, appeals the district court's grant of summary judgment for Howard County Public School System. We affirm.

S.T. is a nine year old boy in the Howard County Public School System. Diagnosed with autism spectrum disorder, S.T. qualifies as disabled under the Individuals with Disabilities in Education Act ("IDEA"). He receives special-education services through an Individualized Educational Program ("IEP") developed by an IEP team which includes both school system personnel and S.T.'s parents.

On October 21, 2013, the school system conducted an annual review of S.T.'s IEP. At this meeting, the IEP team developed a new IEP which included a new placement, transferring S.T. from The Trellis School, a private institution, to the Cornerstone Program at Cedar Lane, a school in the Howard County Public School System. S.T.'s parents filed a Due Process Complaint challenging the new placement. After a five-day hearing, the administrative law judge found that the IEP provides S.T. a free appropriate education ("FAPE") as required by the law. S.T.'s parents appealed to the district court, which granted summary judgment for the school system. The district court found that the ALJ used the correct methodology to reach a decision and

that her factual findings indicate that administering the IEP at the Cornerstone Program will provide S.T. with a FAPE.

We review a district court's grant of summary judgment de novo. Lee Graham Shopping Ctr., LLC v. Estate of Kirsch, 777 F.3d 678, 681 (4th Cir. 2015). On a motion for summary judgment, we view "all facts and reasonable inferences in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of America, 673 F.3d 323, 330 (4th Cir. 2012). Whether an IEP is sufficient to provide a FAPE is a question of fact that we review for clear error. County School Bd. of Henrico County, Va. v. Z.P. ex rel. R.P., 399 F.3d 298, 309 (4th Cir. 2005).

On appeal, S.T.'s parents argue that the IEP utilizing the Cornerstone Program did not offer S.T. a FAPE at the time it was developed and that the ALJ and the district court erred in relying on "retrospective evidence" to show that the Cornerstone Program meets the IEP requirements. They argue that the Cornerstone Program was a 36-week program at the time the IEP was created, not a 46-week program as required by the IEP. Since the evidence that the program could meet the durational requirements of the IEP was offered for the first time at the ALJ hearing (rather than at the IEP meeting), they argue, it was improper retrospective evidence.

The district court held that the ALJ's determination that the Cornerstone Program can meet the requirements of S.T.'s IEP

4

is supported by the testimony of Howard County Public School System employees, autism specialist Shannon Majoros and instructional facilitator Janet Zimmerman. Testimony before the ALJ indicated that bridge services are available to lengthen the program to 46 weeks. The court held, therefore, that the ALJ did not err when she determined that the Cornerstone Program can meet any IEP requirement for 46 weeks of services.

The district court further held that Mojoros' and Zimmerman's testimony about the current duration of available services at the Cornerstone Program was not improper evidence because the dispute here is not over the services required to be provided to S.T., but the ability of the school placement to provide those services. Further, the court noted that even if offering new testimony about the duration of the Cornerstone Program were a procedural violation of the IDEA, it is subject to a harmlessness analysis and there is no evidence of actual harm to S.T.'s education because he will receive all necessary services under his IEP at the Cornerstone Program. See MM ex rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 534 (4th Cir. 2002)(a school district fulfills its statutory obligation where a disabled child received or was offered a FAPE, even if there was a technical violation of the IDEA).

Having reviewed the record and the applicable law, and having had the benefit of oral argument, we affirm the judgment based substantially on the reasoning of the district court.

<u>AFFIRMED</u>